UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-60989-CIV-HUNT

CONSENT CASE

MICHAEL MITCHELL and STEVEN
LANGA, on behalf of themselves and
those similarly situated,

    Plaintiffs,
v.

NATIONWIDE TRANSPORT
SERVICES LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before this Court following an August 7, 2020 fairness hearing on the Parties' settlement agreement. Pursuant to the Parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* ECF Nos. 19, 20.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq.*; ECF No. 1. Before this Court can dismiss this case and approve a settlement of the FLSA claims, the undersigned must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the

proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, this Court reviewed the Settlement Agreement (the "Settlement Agreement"). In scrutinizing the Settlement Agreement, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The undersigned also considered that Plaintiffs' claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiffs as wages and liquidated damages and the amount designated for attorney's fees and costs. Accordingly, this Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, this Court reviewed "the reasonableness of [Plaintiffs'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, this Court finds that

the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     The Parties' Settlement Agreement is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2)     The Clerk of Court is directed to **CLOSE** this case and to **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on August 20, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record